**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>QUIANA WELCH,<br><br>Defendant. | Criminal Action No. 19-00331 (GC)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon the Second Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (the "First Step Act") filed *pro se* by Defendant Quiana Welch on March 20, 2023.[1] (ECF No. 308.) The United States of America (the "Government") did not file an opposition to the motion. The Court has carefully considered Defendant's submission and decides the matter without oral argument under Local Civil Rule 78.1(b), which applies to criminal cases pursuant to Local Criminal Rule 1.1. For the reasons stated herein, and other good cause shown, the motion is **DENIED** without prejudice.

**I.    BACKGROUND**

   **A.  The Offenses**

On May 7, 2019, Welch pled guilty to a one-count Information that charged her with conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin in

---

[1]    On April 26, 2023, an Assistant Federal Public Defender entered an appearance "to represent Ms. Welch during her sentence reduction proceedings," but no supplemental filing has been made on Ms. Welch's behalf. (ECF No. 310.)

violation of 21 U.S.C. § 846. (ECF No. 292 at 1.[2]) The charge stemmed from Welch's participation in a drug trafficking conspiracy from August 2018 to about October 2018. (*Id.*) Welch had been arrested on October 25, 2018. (ECF No. 25.)

On January 8, 2020, Welch was sentenced to 108 months (nine years) in prison and committed to the custody of the United States Bureau of Prisons. (ECF No. 302.) Welch, who is now thirty-four years old, is incarcerated at the Federal Correctional Institution ("FCI") in Danbury, Connecticut, and her projected release date is December 2, 2026. *See* Federal Bureau of Prisons, *Find an inmate*, https://www.bop.gov/inmateloc/ (last visited August 13, 2023).

### B. First Motion for Compassionate Release

On April 3, 2021, Welch sent to the Court her first motion for compassionate release under the First Step Act. (ECF No. 304 at 2-3.) Welch wrote that her five children (ranging in age from three to fifteen years old), who are being raised by Welch's mother, have struggled in Welch's absence, as exemplified by run-ins with law enforcement, behavioral problems, and difficulties in school. (*Id.* at 2.) Welch's mother also was "suffering from multiple health issues" that made it difficult to care for the children. (*Id.*) Welch wrote about how her own childhood was negatively impacted by the five years that Welch's mother had been incarcerated, and Welch is afraid that she is "repeating this cycle." (*Id.*)

Welch further wrote that while her time in prison has helped her identify mental health issues, she has been the victim of violence. (*Id.*) Welch stated that she was stabbed three times by a fellow inmate in November 2020, and she has not "receive[d] justice for it," and it has left Welch physically scarred. (*Id.*) Welch also expressed concern (as someone who struggles with

---

[2] Citations to page numbers within record documents (*i.e.*, "ECF No.") refer to the page numbers stamped on the documents by the Court's e-filing system.

asthma and obesity) that the Warden of Danbury FCI was not taking the appropriate precautions to address the risk posed by COVID-19, and references a lawsuit filed to redress this failure. (*Id.*)

Welch pointed to work she has done towards obtaining a paralegal certification, her enrollment in a course to learn to abstain from drug use and abuse, as well her completion of a parenting course as examples of positive steps she has taken during her incarceration. (*Id.*) Finally, Welch noted that her prior employer, a Popeyes franchise in Newark, New Jersey, had committed to employ Welch upon her release. (*Id.* at 3.)

On April 12, 2021, the Court (Wolfson, J.) denied Welch's first motion for compassionate release without prejudice because Welch had not exhausted the procedural prerequisites as required in 18 U.S.C. § 3582(c)(1)(A). (ECF No. 305.) The Court found the arguments in support of release "unavailing because . . . [Welch's] submission d[id] not indicate whether she submitted a request to the Bureau of Prisons . . . prior to filing th[e] motion or waited the requisite time period for a response from the BOP." (*Id.* at 5.)

### C. Second Motion for Compassionate Release

On March 20, 2023, Welch filed her second motion for compassionate release under the First Step Act. (ECF No. 308.) Welch does not provide any supporting documentation, but she writes that she submitted a request for compassionate release to the Warden of Danbury FCI on July 17, 2022, and the request was denied more than thirty days later on August 22, 2022. (*Id.* at 3.) Welch further writes that she believes there are "extraordinary and compelling reasons" for her release, namely, that she tested positive for COVID-19 on December 13, 2022, and she has been having "breathing issues" and requested health services on multiple occasions and yet she

"still ha[s] [not] seen a health provider." (*Id.* at 4-5, 9.) In an attachment to her motion,[3] that she did not request to be sealed, Welch indicates that she is currently prescribed medication that may be for asthma and anxiety. (*Id.* at 10.) Welch notes that while she will need ongoing medical care once released from prison, she will not need assistance with self-care or assisted living. (*Id.*)

## II.   LEGAL BACKGROUND

Although a district court generally has limited authority to modify a federally imposed sentence once it commences, *see, e.g.*, *Dillon v. United States*, 560 U.S. 817, 824 (2010) (noting that a sentence of imprisonment "may not be modified by a district court except in limited circumstances"), the First Step Act permits courts to grant compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence. 18 U.S.C. § 3582(c)(1)(A).

The Act was passed in December 2018, *see* Pub. L. No. 115-391, 132 Stat. 5194 (2018), and, in relevant part, it provides:

> (A) [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction . . . .
>
> [18 U.S.C. § 3582(c)(1)(A).]

---

[3]   At times, it appears that Welch may have intended to submit an additional letter or other documents in support of her motion, but the only attachments that the Court received with the motion were a proposed release plan and a form for medical records and additional information. (ECF No. 308 at 5.)

Once the procedural prerequisites are satisfied, a district court may reduce a defendant's sentence "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission,[4] and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Burd*, Crim. No. 21-86, 2023 WL 3271167, at *1 (D.N.J. May 5, 2023) (quoting *United States v. Sparrow*, Crim. No. CR 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020), *aff'd*, 837 F. App'x 932 (3d Cir. 2021)).

### III.   DISCUSSION

#### A.   Procedural Prerequisites

The procedural prerequisites for judicial review of compassionate release motions are relatively straightforward. Before making such requests to the sentencing court, "the defendant must fully exhaust administrative remedies within the [Bureau of Prisons] or wait 30 days from the date the facility's warden receives defendant's request, whichever happens first." *United States v. Alston*, Crim. No. 03-844, 2023 WL 2238297, at *2 (D.N.J. Feb. 27, 2023); *see also United States v. Harris*, 973 F.3d 170, 171 (3d Cir. 2020) ("[T]he statute states that the defendant may file the motion thirty days after the warden receives his request.").

Here, Welch represents that she submitted her compassionate release request to her warden on July 17, 2022, and if so, more than thirty days passed before she filed the present motion. (ECF No. 308 at 3.) Although Welch does not submit documentation to confirm that representation, the motion was made under penalty of perjury (*id.* at 6) and the Government chose not to contest Welch's representation, so the Court will accept that Welch has satisfied the procedural

---

[4]   The Sentencing Commission's U.S. Sentencing Guidelines ("U.S.S.G.") policy statement is not binding on district courts, but "it still sheds light on the meaning of extraordinary and compelling reasons." *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021).

prerequisites for purposes of the present motion. *See, e.g.*, *United States v. McPhatter*, Crim. No. 18-578, 2023 WL 3560892, at *2 n.1 (D.N.J. May 18, 2023) ("While there is no supporting documentation, [defendant] states that he filed a request for compassionate release with the Warden of Fort Dix on January 8, 2023. More than 30 days passed without a decision before he filed his motion here. The government does not press the point, instead addressing the merits.").

### B. Compassionate Release

#### 1. *Extraordinary and Compelling Reasons*

The First Step Act does not define "extraordinary and compelling reasons," which means that district courts have some "flexibility and discretion to consider the unique circumstances" for each compassionate release motion. *United States v. Doolittle*, Crim. No. 19-501, 2020 WL 4188160, at *2 (D.N.J. July 21, 2020) (citing *United States v. Rodriguez*, 451 F. Supp. 3d 392, 398-99 (E.D. Pa. 2020)). When giving shape to this "otherwise amorphous phrase," courts may look to the statute's "text, dictionary definitions, and the policy statement" of the U.S. Sentencing Commission. *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021).

In *Andrews*, the district court (affirmed on appeal) explained that "[t]he ordinary meaning of extraordinary is '[b]eyond what is usual, customary, regular, or common.' And the ordinary meaning of compelling need is '[a] need so great that irreparable harm or injustice would result if it is not met.'" *United States v. Andrews*, 480 F. Supp. 3d 669, 682-83 (E.D. Pa. 2020) (first quoting *Extraordinary*, Black's Law Dictionary (10th ed. 2014); and then quoting *Compelling Need*, Black's Law Dictionary (10th ed. 2014)).

Commentary to the Sentencing Commission's policy statement provides, in relevant part, that extraordinary and compelling reasons exist where the defendant is:

> (I) suffering from a serious physical or medical condition,

>    (II) suffering from a serious functional or cognitive impairment, or
>
>    (III) experiencing deteriorating physical or mental health because of the aging process,
>
>    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
>    [U.S.S.G. § 1B1.13, cmt. n.1(A).]

Here, Welch's second motion for compassionate release argues that the "extraordinary and compelling reasons" that she should be granted a reduction in her sentence are that Welch contracted COVID-19 sometime in December 2022 and that, since then, she has been having "breathing issues" and has not "seen a health provider" despite multiple requests. (ECF No. 308 at 4-5, 9.) Although it is unfortunate that Welch has suffered from COVID-19, what is asserted does not arise to the level of an "extraordinary and compelling reason" that would warrant the Court granting the motion.

On the most basic level, nothing is provided that enables the Court to discern the seriousness of the breathing issues that Welch has grappled with. For example, as Welch is an individual with asthma who appears to be prescribed medication to manage the symptoms, the Court cannot tell if the breathing issues are out of the ordinary for Welch specifically or for persons with asthma generally. Certainly, Welch has not demonstrated that these issues are of the kind that have "substantially diminishe[d] [her] ability . . . to provide self-care within the environment of a correctional facility." *See* U.S.S.G. § 1B1.13, cmt. n.1(A).

On a broader level, courts have considered and denied similar requests by persons with asthma and/or obesity for compassionate release as a result of COVID-19, particularly after

7

vaccines became widely available.[5] *See, e.g., United States v. Bishara*, Crim. No. 19-496, 2023 WL 4487766, at *2 (D.N.J. July 12, 2023) ([W]hile this Court is sympathetic to Defendant's medical conditions—asthma and diabetes—he has failed to show that he is particularly vulnerable to developing severe illness due to COVID-19."); *United States v. Ragan*, Crim. No. 21-405, 2023 WL 4487772, at *3 (D.N.J. July 12, 2023) ("Although asthma and obesity may increase a defendant's risk of severe illness should he contract COVID-19, Defendant has not shown that his alleged medical conditions are uncontrolled or that he is at an increased risk of contracting COVID-19 at FMC Devens."); *Alston*, 2023 WL 2238297, at *4 ("Asthma is consistently rejected as a basis for satisfying this standard."); *United States v. Cottle*, Crim. No. 18-113, 2022 WL 1963658, at *2 (D.N.J. June 6, 2022) ("The Court certainly takes seriously Defendant's asthma diagnosis. But Defendant has not sufficiently shown how his condition is exacerbated by COVID-19 where he is fully vaccinated and has previously recovered from the virus.").

Particularly where the defendant is relatively young in age (Welch is in her thirties), courts have found that the defendant is "significantly less likely to require hospitalization or die from a COVID-19 infection than adults aged sixty-five and above." *United States v. Powell*, Crim. No. 08-592, 2021 WL 4272759, at *4 (D.N.J. Sept. 21, 2021); *see also United States v. Paulino-Escalera*, Crim. No. 20-63, 2022 WL 13837812, at *4 (D.N.J. Oct. 21, 2022) (denying a vaccinated thirty-year-old defendant with several ailments, including asthma, compassionate release because the COVID-19-related risks "simply are not extraordinary and compelling").[6]

In her first motion for compassionate release, Welch also noted that her mother was

---

[5] Welch does not indicate whether she is vaccinated.

[6] As of August 2023, FCI Danbury reported no active COVID-19 cases amongst either inmates or staff. *See* Federal Bureau of Prisons, *BOP COVID-19 Statistics*, www.bop.gov/coronavirus/covid19_statistics.html (last visited August 13, 2023).

struggling to raise Welch's children on her own and Welch expressed general concerns for her children's wellbeing. Even if the Court were to consider that issue as part of the present motion, it would also not rise to the level of "extraordinary and compelling." *See United States v. Day*, Crim. No. 17-00474, 2021 WL 2660202, at *3 (D.N.J. June 29, 2021) ("Defendant's general concern for his children's wellbeing also fails to establish an extraordinary and compelling reason for release. . . . Defendant's desire to be home with and present for his children is understandable and admirable, but does not meet one of these enumerated factors and therefore does not justify Defendant's release."). And while it is commendable that Welch has taken courses as well as identified and worked to manage mental health issues during her incarceration, this also is insufficient to warrant a reduction in the sentence. *See United States v. Barndt*, Crim. No. 22-2548, 2022 WL 17261784, at *2 (3d Cir. Nov. 29, 2022) ("[T]he statute is clear that . . . rehabilitation alone cannot constitute extraordinary and compelling grounds under § 3582.").

### 2. *Section 3553(a) Factors*

Under 18 U.S.C. § 3553(a), a court must impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing, including the need for the sentence to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," afford adequate deterrence, protect the public from additional crimes by the defendant, and "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(A)-(D). A court must also consider the "nature and circumstances of the offense and the history and characteristics of the defendant" and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," among other factors. *Id.* § 3553(a)(1), (6); *see also United States v. Tapia*, Crim. No. 23-1811,

2023 WL 4575946, at *2 (3d Cir. July 18, 2023) ("A district court 'may reduce the term of imprisonment' and 'impose a term of probation or supervised release' if it finds that 'extraordinary and compelling reasons warrant such a reduction.' Before granting such relief, a district court must consider the sentencing factors in § 3553(a)." (quoting 18 U.S.C. § 3582(c)(1)(A)(i))).

Here, even if the Court had found that Welch demonstrated "extraordinary and compelling reasons" for compassionate release, the § 3553(a) factors would militate against a reduction in Welch's sentence at this time. Welch pled guilty to conspiring to distribute heroin, a serious offense considering the dangers of such drug use and the State's interest in stopping its spread. *See Paulino-Escalera*, 2022 WL 13837812, at *5. The significant reduction requested would also not adequately reflect the seriousness of the offense, protecting the public, or affording adequate deterrence to illicit drug activities. *See* 18 U.S.C. § 3553(a)(2); *see also United States v. Edwards*, Crim. No. 19-266, 2021 WL 2903074, at *3 (E.D. Pa. July 9, 2021) (denying compassionate release to a defendant who served 67 percent of his sentence because he endangered his community by selling drugs).

### C. Welch's Requests for Medical Care

While the Court is denying Welch's motion for compassionate release, it is concerned by her allegations that she has not been provided access to medical care despite repeated requests to treat "breathing issues" resulting from COVID-19. The Government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *see also Washington v. Ellis*, Civ. No. 17-7243, 2023 WL 4738814, at *6 (D.N.J. July 25, 2023) ("The Eighth Amendment . . . proscription against cruel and unusual punishment requires prison officials to provide inmates with adequate medical care."). When appropriate, inmates may bring suit under 42 U.S.C. § 1983 for deliberate indifference to a serious medical

need in violation of the Eighth Amendment, among other potential claims. *See Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) ("In order to sustain this constitutional claim under 42 U.S.C. § 1983, a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999))).

### IV.  CONCLUSION

For the foregoing reasons, and other good cause shown, Defendant's Second Motion for Compassionate Release (ECF No. 308) is **DENIED** without prejudice. An appropriate Order follows.

Dated: August 15, 2023

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**